UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES WASHINGTON,<br><br>    Plaintiff,<br><br>    v.<br><br>M. BITER, et al.,<br><br>    Defendants. | Case No. 1:14-cv-01411-LJO-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO:**<br><br>**(1) GRANT DEFENDANTS' MOTION FOR PARTIAL DISMISSAL (ECF No. 25); AND**<br><br>**(2) GRANT DEFENDANTS' REQUEST FOR JUDICIAL NOTICE (ECF No. 26)**<br><br>**FOURTEEN (14) DAY OBJECTION DEADLINE** |

**I.    PROCEDURAL HISTORY**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. The matter proceeds against Defendant Gomez on Plaintiff's Eighth Amendment failure to protect and state law negligence claims, and against Defendant Swanson on Plaintiff's Eighth Amendment excessive force and state law assault and battery claims.

On May 15, 2015, Defendants filed a motion for partial dismissal and a request for judicial notice. (ECF Nos. 25 and 26.) Plaintiff filed an opposition. (ECF No. 34.) Defendants filed a reply. (ECF No. 35.)

These matters are deemed submitted pursuant to Local Rule 230(*l*).

## II. REQUEST FOR JUDICIAL NOTICE

Defendant asks the Court to take judicial notice of a certified letter, dated March 30, 2015, from the California Victim Compensation and Government Claims Board ("VCGCB"), stating that Plaintiff did not file or present a tort claim with the Board between January 1, 2010 and January 31, 2013.

The Court may take judicial notice of records and reports of administrative bodies, including the VCGCB. See Fed. R. Evid. 201(b); Marsh v. San Diego Cnty., 432 F. Supp. 2d 1035, 1043-44 (S.D. Cal. 2006); Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007) (per curiam) ("[I]n order to prevent plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting documents upon which their claims are based, a court may consider a writing referenced in a complaint by not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned." (citations and internal quotation marks omitted)). Accordingly, Defendants' request for judicial notice should be granted.

## III. MOTION TO DISMISS

### A. Legal Standard

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Conservation Force v. Salazar, 646 F.3d 1240, 1241-42 (9th Cir. 2011). In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading. Daniels-Hall, 629 F.3d at 998.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); Conservation Force, 646 F.3d at 1242; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The Court must accept the factual allegations as true and draw

2

all reasonable inferences in favor of the non-moving party. <u>Daniels-Hall</u>, 629 F.3d at 998. Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. <u>Wilhelm</u>, 680 F.3d at 1121.

In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading. <u>Daniels-Hall</u>, 629 F.3d at 998. However, courts may properly consider matters subject to judicial notice and documents incorporated by reference in the pleading without converting the motion to dismiss to one for summary judgment. <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 688 (9th Cir. 1986); <u>Mack v. S. Bay Beer Distributors, Inc.</u>, 798 F.2d 1279, 1282 (9th Cir. 1986).

### B.   Parties' Arguments

Defendants seek to dismiss Plaintiff's state law claims on the ground Plaintiff did not file a claim with the California Victim Compensation and Government Claims Board (VCGCB) before filing suit. Accordingly, Defendants argue, Plaintiff's state law claims are barred by California's Government Tort Claims Act.

Plaintiff argues only that he is not required to file a claim with the VCGCB before bringing suit for Eighth Amendment violations pursuant to 42 U.S.C. § 1983. He does not dispute his failure to file a claim with the VCGCB, nor does he specifically argue that his state law claims are viable.

### C.   Legal Standard – State Law Claims

Under the California Tort Claims Act ("CTCA"), a plaintiff may not maintain an action for damages against a public employee unless he has presented a written claim to the state VCGCB within six months of accrual of the action. Cal. Gov't Code §§ 905, 911.2(a), 945.4 & 950.2; <u>Mangold v. California Pub. Utils. Comm'n</u>, 67 F.3d 1470, 1477 (9th Cir. 1995). Failure to demonstrate such compliance constitutes a failure to state a cause of action and will result in the dismissal of state law claims. <u>State of California v. Superior Court (Bodde)</u>, 32 Cal.4th 1234, 1240 (2004).

### D. Analysis

The Court's screening order did not address whether Plaintiff's state law claims had been presented to the VCGCB as required under the CTCA. (ECF No. 10.)

Plaintiff's complaint alleged compliance with "state tort claim . . . administrative procedures, and laws/regulations regarding exhaustion." (ECF No. 1 at 9.) However, documents presented by Defendants and subject to judicial notice demonstrate otherwise. The Court is not required to accept as true allegations that are contradicted by documents attached to the complaint. Roth v. Garcia Marquez, 942 F.2d 617, 625 n.1 (9th Cir. 1991). Additionally, the Court may consider documents subject to judicial notice without converting a motion to dismiss into a motion for summary judgment. Lee, 250 F.3d at 688; Mack, 798 F.2d at 1282.

Based on the letter from the VCGCB and the arguments presented by the parties, it is apparent that Plaintiff did not present his claims to the VCGCB as required under the CTCA. Accordingly, his state law claims must be dismissed. Defendants' motion for partial dismissal should be granted.

## VI. CONCLUSION AND RECOMMENDATION

Based on the foregoing, the Court finds that Plaintiff failed to present his state law claims in accordance with the CTCA, and his state law claims therefore are barred. Accordingly, the Court recommends that Defendants' request for judicial notice (ECF No. 26) and motion for partial dismissal (ECF No. 25) be granted, and that the case remain open for further proceedings on Plaintiff's Eighth Amendment claims.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with the findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." A party may respond to another party's objections by filing a response within fourteen (14) days after being served with a copy of that party's

objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   July 13, 2015            /s/ *Michael J. Seng*
                                  UNITED STATES MAGISTRATE JUDGE